116 F.3d 484
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
LORAL INFARED AND IMAGING, SYSTEMS, INC., a Delaware
corporation, Plaintiff and
Counter-defendant-Appellee-cross-Appellant,
v.
ERA HELICOPTERS, INC., a Washington corporation, Defendant
and Counterclaimant-Appellant-cross-Appellee.
 Nos. 94-55821, 95-55094.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted April 8, 1997.
Decided June 17, 1997.
 
 1
 Appeal from the United States District Court for the Central District of California, No. CV 90-3050 WJR; William J. Rea, District Judge, Presiding.
 
 
 2
 Before: O'SCANNLAIN and TASHIMA, Circuit Judges, and WHALEY, District Judge.**
 
 
 3
 MEMORANDUM*
 
 
 4
 Because the facts and procedural background of this contract dispute governed by Massachusetts law are known to the parties, we do not recite them. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.
 
 Expert Testimony
 
 5
 ERA argues that the district court erred in allowing Loral[1] expert witnesses Patrick Buckley and Allan Voigt to opine on Honeywell's ability timely to deliver the surveillance equipment to ERA under the terms of the Honeywell-ERA contract. The admission or exclusion of expert testimony is reviewed for abuse of discretion. United States v. Morales, 108 F.3d 1031, 1035 (9th Cir.1997) (en banc).[2]
 
 
 6
 We have carefully reviewed Buckley and Voigt's qualifications and testimony and find no abuse of discretion. Both witnesses were clearly knowledgable and laid detailed foundations for their testimony. ERA's argument that Buckley was unqualified because he was not a design engineer is meritless given his educational and professional background and the "broad conception of expert qualifications" of Fed.R.Evid. 702. Thomas v. Newton Int'l Enter., 42 F.3d 1266, 1269 (9th Cir.1994). See also Doe v. Cutter Biological, Inc., 971 F.2d 375, 385 (9th Cir.1992).
 
 
 7
 We also reject ERA's contention that Buckley and Voigt's testimony was overly speculative. ERA's reliance on Ralston-Purina Co. v. Bertie, 541 F.2d 1363 (9th Cir.1976) and Contractor Util. Sales Co., Inc. v. Certain-Teed Corp, 748 F.2d 1151 (7th Cir.1984) is misplaced. The extensive foundational testimony given by the witnesses in the instant cases distinguishes it from Bertie. Contractor Util. Sales actually emphasizes the importance of affording deference on appeal to the trial judge's judgment about the admissibility of potentially speculative testimony. Contractor Util. Sales, 748 F.2d at 1155. Here, the district court was well within its discretion in allowing expert testimony on Honeywell's prospects for success. See Wood v. Stihl, 705 F.2d 1101, 1104-05 (9th Cir.1983); 3 J. Weinstein and M. Burger, Weinstein's Evidence, p 702 at 702-36 to 37 (1996) ("doubts about whether an expert's testimony will be useful should generally be resolved in favor of admissibility"). Moreover, any potential prejudice to ERA was dissipated by the district court allowing extensive cross-examination.[3]
 
 Contract Claim
 
 8
 ERA disputes several of the district court's summary judgment rulings. We review de novo grants of partial summary judgment. Amdahl Corp. v. Profit Freight Sys., Inc., 65 F.3d 144, 146 (9th Cir.1995). Where a district court interprets a contract without using extrinsic evidence, the standard of review is de novo. L.K. Comstock & Co. v. United Eng'rs & Constructors, Inc., 880 F.2d 219, 221 (9th Cir.1989). Where the district court relies on extrinsic evidence, its findings of fact based on such evidence are reviewed for clear error, "but principles of contract law applied to those facts are reviewed de novo." Id. (citation omitted).
 
 
 9
 First, we agree with the district court that the ERA-Honeywell contract was not severable as a matter of law. Honeywell's performance obligations and ERA's payment requirements, at each contract milestone, were not agreed equivalents. See Restatement (Second) of Contracts, § 240, & cmt. c, d, e (1979) ("Restatement"). Thus, we conclude that the ERA-Honeywell contract is analogous to the indivisible contact in Restatement, § 240, illus. 9, and distinguishable from the severable contract in Potter & McArthur, Inc. v. City of Boston, 446 N.E.2d 718 (Mass.App.Ct.1983). ERA's evidence regarding Honeywell's spending patterns during the course of performance is of little relevance, for the proper focus is on conditions at the time the contract was made. See Bianchi Bros., Inc. v. Gendron, 198 N.E. 767, 770 (Mass.1935).
 
 
 10
 Second, we find no error in the district court's determination of undisputed fact under Fed.R.Civ.P. 56(d). ERA offered no evidence that might have raised a genuine dispute on summary judgment. The testimony of Warren Brown does not demonstrate Honeywell's failure to initiate its performance obligations after each milestone. Rather this evidence is probative of the issue put to the jury, whether Honeywell could have completed and delivered its work on time. Further, ERA's evidentiary objections to Buckley's first affidavit at best only resemble the objections made to Buckley's testimony at trial that we have already found to be without merit.
 
 
 11
 Third, we reject ERA's contention that any findings or contract interpretation by the district court was necessarily flawed because the contract was "vague and ambiguous." It is true that the language of the contract and the undisputed extrinsic evidence demonstrated that the parties intended to give Honeywell discretion in the performance of the details of its contractual obligations. Yet, by drafting the contract at a fairly high level of generality, the parties did not make the contract immune to interpretation by the district court. It acted properly in ruling that Honeywell had performed all of its obligations, save for those presented to the jury. The district court's failure to specify every detail of Honeywell's performance was in keeping with the spirit of the contract and, at most, spared ERA from having the jury hear the details of Honeywell's efforts.[4]
 
 Chapter 93A Claim
 
 12
 ERA contends that the district court erred in granting summary judgment in favor of Honeywell on ERA's counterclaims for misrepresentation. It asserts that it raised genuine issues of fact under the Massachusetts Consumer Protection Act, Mass. Gen. Laws. ch. 93A, § 11 ("ch.93A"). We disagree.
 
 
 13
 ERA did not present evidence on summary judgment from which a rational trier could award relief. There was no evidence of actionable misrepresentation from the declaration of ERA employee David Mitchel. In addition, contrary to ERA's assertions, the statements of Buckley in his affidavits and depositions regarding his conversations with ERA's David Baumeister were consistent. Further, Buckley's clearly qualified and contingent statements to Baumeister about Honeywell's potential exposure under the contract did not contain facts actionable under ch. 93A. See Winter Panel Corp. v. Reichhold Chem. Inc., 823 F.Supp. 963, 974-75 (D.Mass.1993). These assertions are especially meritless in light of the fact that Buckley and Baumeister represented sophisticated business entities. See Knapp Shoes, Inc. v. Sylvania Shoe Mfg. Corp., 72 F.3d 190, 200 (1st Cir.1995) (it is "especially difficult" to show a violation of ch. 93A where "arm's length transactions between sophisticated business entities" are involved), cert. denied, 116 S.Ct. 2500 (1996).
 
 Prejudgment Interest
 
 14
 On cross-appeal, Honeywell seeks to amend the judgment in order to obtain additional prejudgment interest under Mass. Gen. Laws ch. 231, § 6C. It argues that the district court erred in calculating interest from the date its complaint was filed rather than the date of its demands for payment. However, the record is clear that the jury's failure to establish the date of demand was caused by an invited error in the verdict form Honeywell helped to prepare. Under such circumstances, prejudgment interest must be awarded from the date the complaint was filed. Starr v. Fordham, 648 N.E.2d 1261, 1271 (Mass.1995); Deerskin Trading Post Inc. v. Spencer Press, Inc., 495 N.E.2d 303, 308 (Mass.1986).
 
 
 15
 AFFIRMED. Each side shall bear its own costs on both appeals.
 
 
 
 **
 The Honorable Robert H. Whaley, United States District Judge for the Eastern District of Washington, sitting by designation
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36-3
 
 
 [1]
 Plaintiff Loral is the successor in interest to Honeywell Inc.'s Electro-Optics Division. As the parties have done, we hereafter refer to plaintiff as "Honeywell."
 
 
 [2]
 Prior to Morales, we reviewed such rulings for "manifest error." See, e.g., United States v. Dischner, 974 F.2d 1502, 1521 (9th Cir.1992). Morales overruled our prior cases to the extent that the manifest error standard is different from the abuse of discretion standard. Morales, 108 F.3d at 1035 n. 1
 
 
 [3]
 We also find no error in the exclusion of Voigt and Timothy Perley's testimony regarding Honeywell's contract with Aerospatiale. The two men had little personal knowledge of that contract; thus, their testimony was properly excluded as hearsay and lacking of foundation
 
 
 [4]
 We agree with ERA that the district court erred in granting summary judgment to Honeywell on ERA's contract counterclaim. However, as the parties agree, ERA's counterclaim was the mirror image of Honeywell's contract action. As we affirm the judgment in favor of Honeywell on its contract action, the error could not have been prejudicial to ERA. ERA would have necessarily lost on its counterclaim, had it been presented to the jury